**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY JOE EDWARDS,

Petitioner - Appellant,

v.

JOHN WHETSEL, Sheriff, Oklahoma
County,

Respondent - Appellee.

No. 05-6212

(W.D. Oklahoma)

(D.C. No. CIV-04-1765-L)

**ORDER**

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

Appellant, Gregory Joe Edwards, filed an application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 on December 29, 2004. Edwards, a state

pretrial detainee, alleged that (1) his due process and equal protection rights were

violated when he was arrested for failure to appear at a state court hearing

scheduled on October 13, 2004 and (2) his rights to a speedy trial have been

violated. Edwards sought both release from pretrial detention and a dismissal of

the state charges against him. The district court dismissed Edwards' pretrial

habeas application without prejudice, concluding that abstention was appropriate

based on the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). The court also concluded that Edwards had failed to exhaust his state remedies.

Edwards now seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of his § 2241 application. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This "requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id*. at 336. Further, when the district court denies a habeas petition on procedural grounds without reaching the applicant's underlying constitutional claim, a COA should issue only when the applicant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This court has reviewed Edwards' application for a COA and appellate brief, the district court's order, the magistrate judge's report and recommendation,

and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Edwards is not entitled to a COA. The district court's resolution of Edwards' claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. [1] Accordingly, Edwards has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Edwards' request for a COA and **dismisses** this appeal. Edwards' motion to proceed *in forma pauperis* on appeal is **granted**. All other outstanding motions are **denied**.

ENTERED FOR THE COURT
Clerk


By:
Deputy Clerk

---

[1] On October 18, 2005, Edwards filed a document in this court indicating that he was convicted after a jury trial of one state charge brought against him. Accordingly, to the extent Edwards is seeking release from state pretrial detention, his claims are now moot.